IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

PHYLLIS L. WALKER, )
 )
        Plaintiff, )
 )
vs. ) Case No. 22-1200-EFM-KGG
 )
UNITED STATES DEPARTMENT OF )
AGRICULTURE, *et al.*, )
 )
        Defendants. )
 )

# MEMORANDUM & ORDER DENYING
# MOTION FOR APPOINTMENT OF COUNSEL

Plaintiff Phyllis L. Walker filed a motion for appointment of counsel (Doc. 3) in conjunction with her federal court Complaint alleging race, sex, age, national origin, and disability discrimination, harassment, and retaliation in her employment (Doc. 2). As an initial matter, the Court notes that there is no constitutional right to have counsel appointed in civil cases such as this one. **Beaudry v. Corr. Corp. of Am.**, 331 F.3d 1164, 1169 (10th Cir. 2003). "[A] district court has discretion to request counsel to represent an indigent party in a civil case" pursuant to 28 U.S.C. § 1915(e)(1). **Commodity Futures Trading Comm'n v. Brockbank**, 316 F. App'x 707, 712 (10th Cir. 2008). The decision whether to appoint counsel "is left to the sound discretion of the district court." **Lyons v. Kyner**, 367 F. App'x 878, n.9 (10th Cir. 2010) (citation omitted).

1

The Tenth Circuit has identified four factors to be considered when a court is deciding whether to appoint counsel for an individual: (1) plaintiff's ability to afford counsel, (2) plaintiff's diligence in searching for counsel, (3) the merits of plaintiff's case, and (4) plaintiff's capacity to prepare and present the case without the aid of counsel. ***McCarthy v. Weinberg***, 753 F.2d 836, 838-39 (10th Cir. 1985) (listing factors applicable to applications under the IFP statute); ***Castner v. Colorado Springs Cablevision***, 979 F.2d 1417, 1421 (10th Cir. 1992) (listing factors applicable to applications under Title VII). Thoughtful and prudent use of the appointment power is necessary so that willing counsel may be located without the need to make coercive appointments. The indiscriminate appointment of volunteer counsel to undeserving claims will waste a precious resource and may discourage attorneys from donating their time. ***Castner***, 979 F.2d at 1421.

Under the first factor, the Court notes that Plaintiff's request to bring her case *in forma pauperis* has been granted. (*See* Docs. 4 and 16, text entry.) The Court finds that this factor weighs in favor of Plaintiff's request.

The second factor relates to the Plaintiff's diligence in searching for counsel. The Plaintiff used the form motion provided by the Eastern District of Arkansas, where the case was initially filed before its transfer to the District of Kansas. (*See* Doc. 3.) Therein, Plaintiff states that she made a good faith effort to obtain

representation by contacting three attorneys/law firms,[1] none of which chose to represent her. Plaintiff's diligence in seeking counsel weighs in her favor.

The next factor is the viability of Plaintiff's claims in federal court. *See* ***McCarthy***, 753 F.2d at 838-39 (10th Cir. 1985); ***Castner***, 979 F.2d at 1421. The Court notes that while the case was pending in the Eastern District of Arkansas, Defendants filed a Motion to Dismiss, arguing that the Eastern District of Arkansas was the wrong venue for the case. (*See generally* Doc. 7.) Defendants asked that the case be "dismiss[ed] … or in the interest of justice transfer the case to any district or division in which it could have been brought." (*Id.*, at 5.) Defendants did not argue that the case should be dismissed based on its substantive merits. Rather than dismiss the case, the Eastern District of Arkansas transferred the case to this District. (Docs. 10, 11.) Further, the undersigned Magistrate Judge sees no substantive concerns as to the viability of Plaintiff's Complaint relating to the analysis required for the present motion.

The final factor is Plaintiff's capacity to prepare and present the case without the aid of counsel. ***Castner***, 979 F.2d at 1420-21. In considering this factor, the

---

[1] Three is the number of attorneys required to be contacted by the Eastern District of Arkansas. The form motion provided by the District of Kansas requires that Plaintiff must "confer with (not merely contact) at least five attorneys regarding legal representation." Because Plaintiff complied with the requirements of the District where the motion was filed, and given the totality of the circumstances analyzed herein, the Court will not require Plaintiff to contact two more attorneys.

Court must look to the complexity of the legal issues and Plaintiff's ability to gather and present crucial facts. *Id.* at 1422. The Court notes that the factual and legal issues in this employment discrimination case are not unusually complex. *See* **Kayhill v. Unified Govern. of Wyandotte**, 197 F.R.D. 454, 458 (D.Kan. 2000) (finding that the "factual and legal issues" in a case involving a former employee's allegations of race, religion, sex, national origin, and disability discrimination were "not complex").

The Court thus sees no basis to distinguish Plaintiff from the many other untrained individuals who represent themselves *pro se* on various types of claims in Courts throughout the United States on any given day. Although Plaintiff is not trained as an attorney, and while an attorney might present this case more effectively, this fact alone does not warrant appointment of counsel. As such, the Motion to Appoint Counsel (Doc. 3) is **DENIED**.

Dated at Wichita, Kansas, on this 13th day of September, 2022.

/S Kenneth G. Gale
KENNETH G. GALE
United States Magistrate Judge

4