# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

PHYLLIS L. WALKER,

*Plaintiff,*

vs.

Case No. 6:22-cv-01200-EFM-KGG

UNITED STATES DEPARTMENT OF
AGRICULTURE, THOMAS J. VILSACK,
SECRETARY (FOOD SAFETY and
INSPECTION SERVICE AGENCY);
TYSON FOODS, INC.,

*Defendant.*

## MEMORANDUM AND ORDER

Before the Court is Defendant Tyson Foods, Inc. ("Tyson")'s Motion for Summary Judgment (Doc. 26) on pro se Plaintiff Phyllis L. Walker's Title VII claim against it and the United States Department of Agriculture ("USDA"). The basis of Tyson's Motion is that Plaintiff asserted her claim against a company which was not her employer. Finding that the uncontroverted evidence establishes that fact, the Court grants Tyson's Motion.

## I.      Factual and Procedural Background

Plaintiff filed her Complaint in the district court for the Eastern District of Arkansas on May 13, 2022.  In her Complaint, Plaintiff sought relief under Title VII for alleged discrimination because of her race, sex, religion, and national origin.  Plaintiff named the USDA and Tyson as defendants.

Attached to the Complaint was the "Final Agency Decision" from the Equal Employment Opportunity Commission ("EEOC") finding that Plaintiff had not suffered any discrimination. More relevantly to the present Motion, the EEOC stated that Plaintiff was working for National Beef Packing Co., LLC at the time of the alleged discrimination—not Tyson.

After the Arkansas court granted Defendants' motion to transfer the case to Kansas, Tyson filed the present Motion.  In lieu of making any substantive response, Plaintiff filed photocopies of an email from herself to herself, addressing the Court and admitting that she had made a mistake in naming Tyson instead of National Beef Packing.

## II.      Legal Standard

Summary judgment is appropriate if the moving party demonstrates that there is no genuine issue as to any material fact, and the movant is entitled to judgment as a matter of law.[1]  A fact is "material" when it is essential to the claim, and issues of fact are "genuine" if the proffered evidence permits a reasonable jury to decide the issue in either party's favor.[2]  The movant bears the initial burden of proof and must show the lack of evidence on an essential element of the claim.[3]

---

[1] Fed. R. Civ. P. 56(a).

[2] *Haynes v. Level 3 Commc'ns, LLC*, 456 F.3d 1215, 1219 (10th Cir. 2006) (citing *Bennett v. Quark, Inc.*, 258 F.3d 1220, 1224 (10th Cir. 2001)).

[3] *Thom v. Bristol-Myers Squibb Co.*, 353 F.3d 848, 851 (10th Cir. 2003) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986)).

The nonmovant must then bring forth specific facts showing a genuine issue for trial.[4]  These facts must be clearly identified through affidavits, deposition transcripts, or incorporated exhibits—conclusory allegations alone cannot survive a motion for summary judgment.[5]  The court views all evidence and reasonable inferences in the light most favorable to the non-moving party.[6]

Pro se pleadings are held to "less stringent standards than formal pleadings drafted by lawyers."[7]  A pro se litigant is entitled to a liberal construction of his pleadings.[8]  If a court can reasonably read a pro se complaint in such a way that it could proffer a proper legal claim or defense, it should do so despite "failure to cite proper legal authority . . . confusion of various legal theories . . . or [Plaintiff's] unfamiliarity with the pleading requirements."[9]  However, it is not the proper role of a district court to "assume the role of advocate for the pro se litigant."[10]

### III.    Analysis

There is no dispute—Plaintiff sued the wrong party.  To prevail on a Title VII claim, "a plaintiff must [show] that the defendant was her employer."[11]  Tyson was not Plaintiff's employer, as Plaintiff admits.  Accordingly, Plaintiff has no claim against Tyson.  Summary judgement is appropriate.

---

[4] *Garrison v. Gambro, Inc.*, 428 F.3d 933, 935 (10th Cir. 2005) (citation omitted).

[5] *Mitchell v. City of Moore*, 218 F.3d 1190, 1197 (10th Cir. 2000) (citing *Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 670–71 (10th Cir. 1998)).

[6] *LifeWise Master Funding v. Telebank*, 374 F.3d 917, 927 (10th Cir. 2004) (citation omitted).

[7] *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

[8] *See Trackwell v. U.S. Gov't*, 472 F.3d 1242, 1243 (10th Cir. 2007) ("Because Mr. Trackwell appears pro se, we review his pleadings and other papers liberally and hold them to a less stringent standard than those drafted by attorneys.").

[9] *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

[10] *Id.*

[11] *Miller v. Dillon Companies, Inc.*, 2016 WL 2894696, at *9 (D. Kan. 2016) (citing *Bristol v. Bd. of Cty. Comm'rs of Cty. of Clear Creek*, 312 F.3d 1213, 1217 (10th Cir. 2002)).

**IT IS THEREFORE ORDERED** that Defendant Tyson Foods, Inc.'s Motion for Summary Judgment (Doc. 26) is **GRANTED.**  Tyson Foods, Inc. is dismissed from the case.

**IT IS SO ORDERED.**

Dated this 9th day of December, 2022.

*Eric F. Melgren*

ERIC F. MELGREN
CHIEF UNITED STATES DISTRICT JUDGE.